UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUVENAL SANCHEZ-ISLAS,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. C14-149RSL<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

**I. INTRODUCTION**

This matter comes before the Court on Petitioner Juvenal Sanchez-Islas's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Dkt. # 1.[1] In November 2011, Petitioner pleaded guilty to conspiracy to distribute methamphetamine, possession of methamphetamine with intent to distribute, and conspiracy to distribute heroin. He now seeks to vacate these convictions on the ground that he received ineffective assistance of counsel during plea negotiations and pre-trial motions. Having considered the memoranda and the exhibits submitted by the parties, the Court DENIES Petitioner's motion.

---

[1] "Dkt." refers to docket entries in Petitioner's § 2255 case, C14-149-RSL. "CR" refers to docket entries in the underlying criminal case, CR10-55-RSL.

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 1

## II. BACKGROUND

On February 22, 2010, the government filed a complaint against Petitioner alleging that he committed conspiracy to distribute methamphetamine. CR # 1. He was subsequently charged with one count of conspiracy to distribute methamphetamine, one count of possession of methamphetamine with intent to distribute, one count of conspiracy to distribute heroin, and one count of alien in possession of ammunition. CR 341. Petitioner was represented by three attorneys at different times during his case. Gilbert Levy was appointed to represent Petitioner in February 2010 and represented Petitioner for less than one month. CR 6; CR 39. Petitioner was later represented by Glenn Carpenter, Jr. and Christopher Black.

Mr. Carpenter represented Petitioner for one year beginning in March 2010. CR 39. In May 2010, Mr. Carpenter, Petitioner, Petitioner's co-defendant, Georgina Sanchez-Monge, and Ms. Sanchez-Monge's counsel participated in a settlement conference with the government and U.S. District Court Judge Ricardo S. Martinez. Dkt. # 11-1 ¶ 8. Even though Petitioner agreed to enter a plea agreement with the government during the settlement conference, he later decided not to plead guilty because he would not agree to a recommended sentence of 10 years of imprisonment. Id. ¶¶ 8-11. After Petitioner's co-defendants were found guilty of conspiracy to distribute cocaine,[2] Mr. Carpenter approached the government, at Petitioner's request, to see if they would re-open the May 2010 plea offer. Id. ¶¶ 12-13. In December 2010, the government offered Petitioner a plea agreement in which the government agreed to recommend a sentence of 12-14 years of imprisonment. Id. ¶ 14. Petitioner rejected this offer and informed Mr. Carpenter that he wanted to proceed to trial. Id. After Petitioner

---

[2] The Court had previously granted in part Petitioner's motion to sever, concluding that Petitioner and Ms. Sanchez-Monge would proceed to trial after the trial of their co-defendants. CR 189 at 4.

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 2

again indicated that he wanted to engage in plea negotiations with the government, Petitioner, Mr. Carpenter, and the government participated in a second settlement conference with Judge Martinez on March 7, 2011.  Id. ¶ 15.  Petitioner agreed to plead guilty in exchange for the government recommending a sentence of 11-14 years.  CR 298.   Two weeks later, the Court granted Petitioner's motion for new counsel and his motion to withdraw his guilty plea.  CR 303.

Mr. Black was appointed to represent for Petitioner in March 2011.  CR 316.  Early in the attorney-client relationship, Petitioner informed Mr. Black that he did not want to re-open plea negotiations with the government.  Dkt. # 11-2 ¶ 9.  In September 2011, the government offered Petitioner a plea agreement pursuant to which it would recommend a sentence of no more than 10 years.  Id. ¶ 8.  Petitioner rejected this offer because he would not agree to a sentence of more than six years of imprisonment.  Id.

The case proceeded to a jury trial on November 15, 2011.  CR 391.  On the fifth day of trial, Petitioner pleaded guilty to conspiracy to distribute methamphetamine, possession of methamphetamine with intent to distribute, and conspiracy to distribute heroin.  CR 396; CR 397; CR 400.  On April 13, 2012, the Court sentenced Petitioner to 15 years of imprisonment followed by five years of supervised release.  CR 407 at 2-3.  The Ninth Circuit confirmed his conviction in October 2013.[3]  CR 418.

Petitioner timely filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Dkt. # 1.  He seeks to vacate the convictions based on Mr. Carpenter's and Mr. Black's allegedly ineffective assistance.  Id. at 13.

---

[3]  Because Petitioner's plea agreement contained a waiver of the right to appeal his sentence, the Ninth Circuit dismissed the portion of Petitioner's appeal challenging his sentence.  CR 418 at 2.  The court declined to consider Petitioner's ineffective assistance of counsel claim on direct appeal.  Id.

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 3

## III.  DISCUSSION

To succeed on a claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was (1) deficient and (2) prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).  He must overcome a strong presumption that "the challenged action might be considered sound trial strategy." Id. at 689 (internal quotation marks and citation omitted).  The two-part test of Strickland "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985).

To meet the first requirement, objectively unreasonable performance, a convicted defendant must point to specific acts or omissions by counsel that he believes not to be the product of sound professional judgment.  Id. at 690.  To satisfy the second requirement, prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  In cases where a petitioner alleges that a plea offer was rejected because of counsel's allegedly deficient performance, the petitioner must demonstrate a reasonable probability that he would have accepted the earlier plea offer if he had received effective assistance of counsel.  Missouri v. Frye, ___ U.S. ____, 132 S.Ct. 1399, 1409 (2012).  A petitioner must also show "a reasonable probability that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it."  Id.  If Petitioner fails to meet either element of Strickland, the Court need not analyze whether the other element is satisfied.  Strickland, 466 U.S. at 697.

**A.   Plea Negotiations**

Petitioner argues that Mr. Black's and Mr. Carpenter's assistance during plea negotiations was ineffective in several ways and if he had received effective assistance

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 4

during this process, he would have pleaded guilty before going to trial.  Petitioner claims that counsel was ineffective by (1) failing to inform him of the expiration dates of the government's plea offers, (2) failing to inform him that it was not likely that he would prevail at trial and that he would face additional sentencing consequences by proceeding to trial, (3) failing to explain that he could challenge the amount of drugs allegedly attributed to him, (4) failing to negotiate a favorable plea agreement on his behalf, (5) failing to move to reinstate his March 2011 plea of guilty, and (6) allowing the government's plea first plea offer to expire before he had an opportunity to accept it.  Id. at 5, 6-8.  The Court addresses each ground in turn.

### 1. Failure to Inform Petitioner of the Plea Agreements' Expiration Dates

Petitioner claims that counsel failed to inform him of the expiration dates of the government's plea offers attached to his § 2255 motion. Dkt. # 1 at 5, 16, 17-34.  He contends that had he known that they would expire, he would have accepted either plea offer and he would have received a lower sentence.  Id. at 5.  Mr. Carpenter was representing Petitioner at the time the government made these particular offers. See Dkt. # 1 at 17-34; CR 303; CR 316.

First, the plea agreement attached as Exhibit B to Petitioner's motion, which Petitioner contends he would have accepted had he known it had an expiration date, is the very agreement that Petitioner executed and subsequently withdrew.  Compare Dkt. # 1 at 27-34 with CR 298.  Thus, any claim of ineffective assistance of counsel related to the failure to accept this agreement lacks merit.  Any prejudice suffered by Petitioner related to the failure to enforce this plea agreement was the result of his own actions, not Mr. Carpenter's alleged shortcomings.

As for the plea agreement attached as Exhibit A to Petitioner's motion, Petitioner fails to provide sufficient facts from which the Court can determine whether counsel

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 5

failed to inform him of the expiration date of this plea agreement. This plea agreement appears to be an earlier version of the agreement accepted by Petitioner on March 7, 2011, the only material difference being that the government would recommend a sentence of 10 years of imprisonment rather than a sentence of 11-14 years. Compare Dkt. # 1 at 18-25 with CR 298. While it is unclear exactly when counsel for the government offered this plea agreement, Mr. Carpenter's declaration makes clear that he informed Petitioner of the nature and expiration date of each plea agreement offered by the government during the time he represented Petitioner. Dkt. # 11-1 ¶¶ 11, 14. Even if counsel failed to inform Petitioner of the expiration of this particular plea offer, Petitioner has not demonstrated that he would have accepted the offer. He only offers his own, unsupported statement that he would have accepted it had he known it had an expiration date, but this statement is undermined by his rejection of a number of later plea offers with similar terms. Furthermore, Petitioner told counsel that he would not accept a plea agreement that contained a recommendation for more than five years.[4] Dkt. # 11-1 ¶ 11. Thus, Petitioner has not demonstrated the requisite prejudice necessary to succeed on a claim of ineffective assistance of counsel.

Although Petitioner claims that Mr. Black also failed to inform him of the expiration dates of the government's plea offers generally, he has not identified any specific plea offers that Mr. Black allegedly neglected to communicate to Petitioner. The only two specific plea agreements identified by Petitioner in his motion were offered to Petitioner before Mr. Black began representing him. Furthermore, Mr. Black has stated that he advised Petitioner of the expiration date of the only plea offer he received from the government before trial. Dkt. # 11-2 ¶ 8. Faced with this particular

---

[4] At other times, Petitioner told counsel that he would not agree to a recommendation for more than six years of imprisonment. Dkt. # 11-2 ¶ 8.

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 6

information, the Court finds that Petitioner has failed to satisfy the first element of his ineffective assistance of counsel claim. Strickland, 466 U.S. at 690 (requiring a convicted defendant to identify specific acts or omissions that he contends were not the product of reasonable professional judgment).

### 2. Failure to Inform Petitioner of the Strength of the Government's Case and Potential Sentencing Consequences

Petitioner's arguments that counsel was deficient for failing to advise him of the likelihood of success at trial and the potential sentencing consequences of proceeding to trial lack merit. Dkt. # 1 at 6-8. Had counsel advised him to plead guilty, Petitioner claims, he would have pleaded guilty earlier. Id. at 6. Contrary to Petitioner's claims, the record demonstrates that both Mr. Carpenter and Mr. Black thoroughly explained the strength of the government's evidence against Petitioner, the likelihood of conviction if he went to trial, and the potential sentencing consequences he faced. They also explained that if he decided to go to trial, the government would file an information for the purpose of increasing his mandatory minimum sentence pursuant to 21 U.S.C. §§ 841, 851. Dkt. # 11-1 ¶ 17; Dkt. # 11-2 ¶ 11. Based on this record, the Court concludes that Mr. Black's and Mr. Carpenter's communications with Petitioner regarding the potential outcomes and sentencing exposure he may face if he proceeded to trial did not fall below an objectively reasonable standard.

### 3. Failure to Inform Petitioner of the Opportunity to Negotiate the Drug Quantity Attributed to Him

Next, Petitioner claims that counsel did not inform him that he could contest the quantity of drugs attributable to his conduct and if counsel had advised him of this opportunity, he would have pleaded guilty before going to trial. Dkt. # 1 at 7, 16. Petitioner's contention is premised on the assumption that he actually would have been able to negotiate the amount of drugs attributable to him in the plea agreements.

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 7

However, as Mr. Carpenter and Mr. Black have explained, the government was not willing to negotiate the particular quantity of drugs attributed to him. Dkt. # 11-1 ¶ 18; Dkt. # 11-2 ¶ 12. Both Mr. Black and Mr. Carpenter told Petitioner that he could not contest this fact in the plea agreement because the government was firm in its position. Id. In light of the government's statements to counsel, Mr. Carpenter and Mr. Black provided reasonable advice to Petitioner and thus, their performance in this regard was not inadequate. Additionally, Petitioner has not shown that he in fact could have negotiated the quantity of drugs attributable to him or that the government would have accepted a lower amount. Even if he would have accepted an earlier plea agreement attributing a different quantity of drugs to his conduct, he has not shown a reasonably probability that the government would have accepted an agreement with a lower amount. See Frye, 132 S.Ct. at 1409 (To show prejudice, a petitioner must demonstrate a reasonable probability that he would have accepted a plea offer had he received effective assistance and the plea would have been entered without the government canceling the offer or the court rejecting it.).

### 4. Failure to Negotiate Favorable Plea Agreements

Contrary to Petitioner's allegations, the record suggests that Mr. Carpenter and Mr. Black invested significant time and effort in the plea negotiation process on behalf of Petitioner. Mr. Carpenter engaged in two settlement conferences with the government and Judge Martinez on his behalf. Dkt. # 11-1 ¶¶ 8, 15. In the fall of 2010, Mr. Carpenter approached the government, at Petitioner's request, to attempt to reinstate the May 2010 plea offer that provided that the government would recommend a sentence of 10 years of imprisonment. Id. ¶ 13. More than once Mr. Carpenter asked for and was granted extensions for the expiration dates of plea offers to provide Petitioner additional time to consider the offers. Id. ¶¶ 10, 14.

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 8

Although Mr. Black did not engage in plea negotiations with the government to the same extent as Mr. Carpenter, any failure to engage in extended negotiations with the government was the result of Petitioner's instructions. When Mr. Black first began representing Petitioner in March 2011, Petitioner told him not to pursue plea negotiations with the government because he did not want to plead guilty. He wanted to go to trial and he maintained that position until the fifth day of trial. Dkt. # 11-2 ¶ 9. When the government made a plea offer a few months before trial, Petitioner rejected the offer. Id. ¶ 10. After Petitioner told Mr. Black during trial that he wanted to plead guilty, Mr. Black worked with the government and negotiated a plea agreement in which the government would agree to dismiss the charge of alien in possession of ammunition and the information regarding the felony sentencing enhancement. Id. ¶ 13; CR 400 at 8. Considering this record, the Court finds that Petitioner fails to satisfy the first element of the Strickland test and thus, his claim based on allegations that counsel failed to negotiate a favorable plea agreement on his behalf does not succeed.

**5.     Failure to Move to Reinstate Earlier Plea Agreement**

Petitioner contends that Mr. Black's failure to move to reinstate the plea agreement that he executed and from which he withdrew constitutes ineffective assistance. Dkt. # 1 at 7. This contention appears to be motivated by regret rather than ineffective assistance of counsel. Under the circumstances presented, the Court concludes that Mr. Black's decision not to file a motion to reinstate the prior plea agreement was based on objectively reasonable professional judgment. He did not move to reinstate the plea agreement because there were no grounds to support a request for that relief. Dkt. # 11-2 ¶ 14. "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989) (internal quotation marks omitted). Because Petitioner has not

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 9

1 provided any potential grounds that would have supported a motion to reinstate the
2 earlier plea agreement, his claim based on counsel's failure to move to reinstate the
3 earlier plea agreement cannot succeed.

### 6. Allowing Plea Offer to Expire

Finally, Petitioner claims that Mr. Carpenter's performance was ineffective during plea negotiations because he allowed the government's first plea offer to expire before Petitioner had an opportunity to accept it. Dkt. # 1 at 7. Contrary to Petitioner's framing of the facts surrounding the government's first plea offer, the offer did not expire because Mr. Carpenter let the time run. Rather, Mr. Carpenter's declaration explains that the offer terminated because Mr. Carpenter told the government what Petitioner told him: Petitioner did not want to plead guilty. Dkt. # 11-1 ¶¶ 10-11. Petitioner acknowledged the deadline on the day the offer was scheduled to expire and he rejected it. Id. ¶ 11. Based on the facts in the record, Petitioner has not shown that any act or omission with respect to the first plea offer was the product of unreasonable professional judgment.

### B. United States v. Jones, ___ U.S. ____, 132 S.Ct. 942 (2012)

In addition to raising concerns regarding the plea process, Petitioner claims that Mr. Black's representation fell below an objectively reasonable standard because he failed to take appropriate action based on the Supreme Court's grant of certiorari and subsequent decision in United States v. Jones, ___ U.S. ____, 132 S.Ct. 942 (2012). In Jones, the Court held that "the Government's installation of a [global positioning system ("GPS")] device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search.' " Jones, 132 S.Ct. at 949. The Court affirmed the D.C. Circuit Court of Appeals' decision reversing the defendant's conviction based on the district court's admission of evidence obtained by the warrantless use of a GPS

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 10

device. Id. at 949, 954.  Petitioner contends that Mr. Black's performance was objectively unreasonably and prejudicial because he neither challenged the admissibility of evidence obtained as a result of GPS device without a warrant nor moved to withdraw Petitioner's guilty plea based on the Court's decision in Jones.  Dkt. # 1 at 4, 9.

Petitioner's first argument that counsel's alleged failure to move to suppress evidence obtained through the use of a GPS tracking device fell below an objectively reasonable standard lacks merit.  Contrary to Petitioner's framing of the facts of this case, the government did not affix any GPS tracking device to a car used by Petitioner. Dkt. # 11-3 ¶ 8.  Petitioner was located and arrested based on the government's receipt of contemporaneous cell-site location information of a cell phone used by Petitioner. Id. ¶ 5.  Moreover, government agents received this location information pursuant to a court order directing Sprint/Nextel to provide this real-time location information to the government.  Dkt. # 11-3 at 6-11.  Because Jones is not applicable to the facts of Petitioner's case, Mr. Black's failure to move to suppress the evidence obtained as a result of a GPS tracking device based on Jones was not objectively unreasonable.  "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel."  Shah, 878 F.2d at 1162 (internal quotation marks omitted).

Petitioner's second argument premised on Jones is equally unavailing.  The Supreme Court issued its ruling in Jones after Petitioner pleaded guilty, but before sentencing.  Therefore, according to Petitioner, Mr. Black's failure to move to withdraw his guilty plea between the time of the Court's decision in Jones and his sentencing fell below an objectively reasonable standard and prejudiced the outcome of his case. However, like Petitioner's argument above, this contention turns on the applicability of Jones to his case.

A defendant may withdraw a guilty plea after the court accepts it, but before

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 11

sentencing if the defendant shows "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Ninth Circuit law provides that "[f]air and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008) (internal citation omitted). While the "fair and just reason" standard is to be liberally applied, United States v. Garcia, 401 F.3d 1008, 1011 (9th Cir. 2005), the defendant bears the burden of showing that withdrawal is warranted. United States v. Showalter, 569 F.3d 1150, 1154 (9th Cir. 2009).

Even if Petitioner had filed a motion to withdraw his guilty plea before sentencing, Jones would not have provided any basis for granting the motion. As explained above, the government did not use a GPS tracking device on any vehicle suspected to be used by Petitioner. Rather the evidence related to Petitioner was collected through the receipt of contemporaneous cell site location information pursuant to a court order. Because Jones is not applicable to Petitioner's case, there can be no resulting prejudice for failing to move to withdraw Petitioner's guilty plea on that basis. Thus, Mr. Black's failure to seek the suppression of evidence and the withdrawal of Petitioner's guilty plea based on Jones does not constitute ineffective assistance.

**C.     Evidentiary Hearing**

Ninth Circuit law does not require an evidentiary hearing on a motion to vacate under § 2255 if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Moore, 921 F.2d 207, 211 (9th Cir. 1990). Generally, an evidentiary hearing is required if the motion is based on matters outside the record or events outside the courtroom. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989). However, "[m]erely conclusory statements in a § 2255 motion

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 12

are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). Because the parties' memoranda and the records of the underlying criminal conviction conclusively show that Petitioner is not entitled to the relief he seeks, the Court finds that an evidentiary hearing is not necessary. Moore, 921 F.2d at 211.

### D.  Certificate of Appealability

A petitioner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of his federal petition only after obtaining a certificate of appealability from a district or circuit court. A certificate of appealability may issue only where a petitioner has made " a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Under this standard, the Court concludes that Petitioner is not entitled to a certificate of appealability with respect to any of the claims in his § 2255 motion.

### IV.  CONCLUSION

For all of the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 1) is DENIED. The Court declines to issue a certificate of appealability.

DATED this 7th day of August, 2014.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 - 13